IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COCO CURLS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SPARTAN BRANDS, INC; ) <br> SEARS HOLDINGS MANAGEMENT ) <br> CORPORATION, ) <br> ) <br> And ) <br> ) <br> DOES 1 through 5 ) <br> Defendants. ) | Case No.: <br><br> **COMPLAINT** <br> **AND** <br> **JURY TRIAL DEMAND** |

## **COMPLAINT**

Plaintiff, Coco Curls, LLC (hereinafter, "Plaintiff" or "Coco"), by and through its undersigned counsel, and for its Complaint against Defendants Spartan Brands, Inc. (hereinafter, "Spartan Brands") and Sears Holdings Management Corporation (hereinafter, "Sears") (collectively, "Defendants") states the following allegations.

### **THE PARTIES**

1. Plaintiff is a limited liability company organized under the existing laws of the State of Georgia and maintains its office and principal place of business at 1120 Oglethorpe Avenue Southwest, Atlanta, Georgia, 30310.

2. Upon information and belief, Defendant Spartan Brands is a corporation organized under the laws of the State of New York and has an office and its principal place of business at 451 Park Avenue South, New York, New York, 10016. Spartan Brands maintains a website available on the World Wide Web with an Internet address resolving at the Uniform Resource Locater ("URL"): www.spartanbrands.com.  Spartan Brands explains that its products

1

are marketed individually through many different brand and label identities spanning from wholly-owned subsidiaries to private label distribution; including, under the moniker of Neutrlab™. Spartan Brands has and continues to maintain a page on the popular social networking site, Facebook, which is available on the Internet resolving at the URL www.facebook.com/Neutrlab.

3. Upon information and belief, Defendant Sears is a corporation organized under the laws of the State of Illinois and has its principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois 60179. Sears operates numerous storefront locations throughout the State of Georgia; including for instance, Atlanta, Georgia located at 1500 Cumberland Mall SE, Atlanta, GA 30339. Sears also maintains also maintains an informational website available on the World Wide Web with an Internet address resolving at the Uniform Resource Locater ("URL"): www.sears.com.

**NATURE OF THE ACTION**

4. This is an action for state and common law trademark infringement; state claims for trademark infringement and injury to business reputation under O.C.G.A §§ 10-1-450 & 451(b); deceptive trade practices under O.C.G.A. § 10-1-370 *et seq.;* unfair competition under O.C.G.A. §23-2-55 and Georgia common law, based on Spartan Brands' adoption and use of COCOA CURL as a trademark for hair conditioners and fixatives in violation of Plaintiff's established rights in COCO CURLS as a registered Georgia trademark for hair care products.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1332(a). Plaintiff is a Georgia Limited Liability Company. Defendant Spartan Brands is a New York corporation with a principal place of business in New York, New York. Defendant Sears is an Illinois corporation with a principal place of business in Hoffman Estates, Illinois. The matter

in controversy exceeds seventy-five thousand dollars ($75,000.00). This Court has supplemental jurisdiction over the remaining claims not addressed in the above paragraph under 28 U.S.C. §1367(a).

## FACTUAL ALLEGATIONS

6. Plaintiff is in the business of developing, manufacturing, marketing, and selling hair care products.

7. Specifically, Plaintiff markets an array of natural hair care products under the trademark COCO CURLS.

8. Plaintiff has been selling its products and developing consumer recognition and goodwill therein since as early as May 1, 2008. The trademark and products are depicted below:





9. On March 3, 2012, Plaintiff successfully registered the trademark COCO CURLS (the "Mark") as a trademark with the Georgia Secretary of State. (see Registration Number T-25671 attached hereto as <u>Exhibit A</u>).

10. Plaintiff's continuous use of its COCO CURLS mark has developed significant goodwill among the consuming public, as well as consumer acceptance of Plaintiff's goods in conjunction with the Mark. Such goodwill and continuous widespread usage has caused the Mark to acquire distinctiveness therefore becoming a valuable intellectual property asset of Plaintiff.

### **Defendants' Conduct**

11. On May 18, 2011, Spartan Brands filed a federal trademark application U.S. Serial No, 85/726,319 for COCO CURL, under Section 1(b) of the Lanham Act, for "hair conditioners and fixatives."

12. On July 30, 2012, Spartan Brands abandoned its federal trademark application for COCO CURL.

13. On or about September 11, 2012, Spartan Brands filed a federal trademark application Serial No. 85/726,319, under Section 1(b) of the Lanham Act to register the mark COCOA CURL for "hair conditioners and fixatives." Spartan Brands' application provides that its first use of the "COCOA CURL" mark was no earlier than on or about April 25, 2012 (the "Infringing Mark").

14. The application was refused on grounds of descriptiveness and likelihood of confusion with the Mark.

15. On or about July 2012, Spartan Brands launched its online marketing and sales of hair conditioners and fixatives under the brand "COCOA CURL".

16. Upon information and belief, Defendants, at all relevant times herein, advertise, distribute, offer for sale and/or sell a directly competing line of hair conditioners and fixatives under the brand of "COCOA CURL" products by Neutrlab. ("Infringing Products")

17. Defendants' use of "COCOA CURL" in combination and standing alone have caused confusion in the marketplace and will continue to cause confusion in the marketplace.

  

16. Plaintiff was contacted by one or more of its customers inquiring as to whether Spartan Brands' COCOA CURL products were Plaintiff's products.

17. Spartan Brands' COCOA CURL mark is identical or confusingly similar to Plaintiff's COCO CURL Mark.

18. Spartan Brands uses its COCOA CURL mark in connection with related goods which are marketed, distributed, and sold in the same channel of trade and to the same category of consumers as Plaintiff.

19. Defendants' actions will cause and has caused the public to falsely associate Spartan Brand's Infringing Products with Plaintiff's products bearing the Mark.

20. Defendants have knowingly manufactured, advertised, offered for sale, sold and distributed the Infringing Products bearing the Infringing Mark in in commerce throughout the State of Georgia and in this judicial district.

21. Defendants have also knowingly advertised and promoted the Infringing Products using the Infringing Mark on websites, including but not limited to <www.facebook.com/neutrlab>; <www.sears.com> and others, and by prominently displaying the Infringing Products in the Sears store locations throughout the State of Georgia, including the Atlanta, Georgia store location, as well as other Sears and Sears digital catalogs and e-commerce sites.

22. The use by Defendants of the Infringing Mark on or in connection with the manufacturing, advertising, offering for sale, sale and distribution of the Infringing Products has caused confusion and deception to the public.

23. Defendants are not authorized by Plaintiff to manufacture, advertise, distribute, sell or offer to sell products bearing the COCOA CURL trademark.

24. Upon information and belief, the Infringing Mark is being used by Spartan Brands to mislead, deceive, and draw customers to the Infringing Products and away from Plaintiff's products bearing its Mark.

## COUNT I
### Common Law Trademark Infringement

25. Plaintiff re-alleges and incorporates by reference the foregoing allegations of this Complaint as if fully set forth fully herein.

26. Plaintiff is the owner of Georgia trademark Registration No. T-25671 for the mark COCO CURLS, granted on March 24, 2012. (See Exhibit A).

27. Spartan Brands had actual notice of Plaintiff's state registered and common law trademark, COCO CURLS, at all times pertinent to this claim.

28. Plaintiff has continuously and uninterruptedly used the Mark in trade and commerce before Defendants ever used the Infringing Mark in trade.

29. Through Plaintiff's extensive and continued use of the Mark, the Mark has become distinctive of Plaintiff's products and is associated by the public with Plaintiff.

30. Defendants without the Plaintiff's consent, have used and continue to use in commerce, an imitation of the Mark in connection with the sale of products whose use is likely to cause confusion or to cause deception to the public.

31. At all relevant times herein, Defendants' use of the Infringing Mark is without authorization or permission of Plaintiff.

32. The unauthorized use by Defendants of the infringing and confusingly similar COCOA CURL mark on identical class of products:

(a) is likely to cause confusion, mistake, or deception;

(b) will lead others to believe that Defendants' products are connected, affiliated, or associated with, or otherwise related to, Plaintiff's COCO CURLS product line;

(c) constitutes a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's COCO CURLS mark and, as such, is likely to cause confusion, mistake, or deception.

33. The aforementioned acts of Defendants have been committed with knowledge that such imitations are causing confusion, or likely to cause confusion, mistake or deceit.

34. Upon information and belief, Defendants wrongful and infringing activities have caused and will continue to deceive the public and cause irreparable injury and other damage to Plaintiff's business, reputation and good will in its COCO CURLS mark, unless preliminary and permanently enjoined by this Court. Plaintiff is entitled to an Order of this Court enjoining Defendants use of the COCOA CURL mark, and Defendants unlawful activities. Plaintiff has no adequate remedy at law.

## COUNT II
**(Contributory Trademark Infringement - Against Spartan Brands Defendants)**

35. Plaintiff hereby re-alleges and incorporates by reference the preceding allegations of this Complaint as if fully set forth herein.

36. On information and belief, Defendant Spartan Brands is intentionally inducing others to infringe the COCO CURLS trademark.

37. On information and belief, Defendant Spartan Brands continues to supply Sears with the Infringing Products.

38. Defendants directly control or monitor the advertisement, distribute and offer for sale the Infringing Products with actual or constructive knowledge that such advertisement, distribution, offer for sale and sale infringes the COCO CURLS Trademarks.

39. Defendants' conduct has been willful and intentional, and Defendants engaged in the actions alleged herein with the purpose of confusing customers and trading on the goodwill associated with the COCO CURLS Trademark.

40. As a result of Defendants' activities, Plaintiff has been damaged in an amount to be ascertained at trial.

41. Defendants' conduct will continue unless enjoined by this Court.

42. As a direct result of Defendants' willful and unlawful actions, Plaintiff has suffered and continues to suffer irreparable harm, including damage to and diminution in value of the COCO CURLS Trademark, for which there is no adequate remedy at law.

Accordingly, Plaintiff is entitled to injunctive and equitable relief.

## COUNT III
## Trademark Infringement and Injury to Business Reputation
## Under O.C.G.A. §§ 10-1-450 & 451(b)

43. Plaintiff re-alleges and incorporates by reference the foregoing allegations of this Complaint as if fully set forth fully herein.

44. Defendants' use of the infringing and confusingly similar COCOA CURL mark has caused and continues to cause irreparable injury to Plaintiff by diluting and/or tarnishing the distinctive qualities of Plaintiff's COCO CURL trademark.

45. Upon information and belief, Defendants' illicit conduct constitute trademark infringement and injury to Plaintiff's business reputation in violation of O.C.G.A. §§ 10-1-450 & 451(b), and has caused and will continue to cause irreparable injury to Plaintiff until Defendants are preliminarily and permanently enjoined by the Court. Plaintiff has no adequate remedy at law.

## COUNT IV
## Unfair Competition
## Under O.C.G.A. § 23-2-55 and Georgia Common Law

46. Plaintiff re-alleges and incorporates by reference the foregoing allegations of this Complaint as if fully set forth fully herein.

47. This cause of action is to remedy acts of unfair competition under the common law of the State of Georgia and state law unfair competition under O.C.G.A. § 23-2-55.

48. Defendants' unlawful activities are likely to cause confusion between the Defendants, and/or their Infringing Products, and Plaintiff's product line, as well as infringe the valuable intellectual property rights attendant to Plaintiff's Mark.

49. Defendants' activities also constitute unfair competition with Plaintiff by creating a likelihood of confusion as to the source or sponsorship of the Infringing Products, and by

further misappropriating and trading upon the reputation and goodwill associated with Plaintiff's Mark.

50. Defendants' unlawful activities constitute unfair competition as proscribed by Georgia common law and under O.C.G.A. § 23-2-55.

51. Defendants' acts of unfair competition have caused Plaintiff to sustain monetary damages, loss and injury in an amount to be determined at the time of trial.

52. Upon information and belief, Defendants' acts of unfair competition have caused and will continue to cause irreparable injury to Plaintiff until Defendants are preliminarily and permanently enjoined by the Court. Plaintiff has no adequate remedy at law.

## COUNT V
### Deceptive Trade Practices
### Under O.C.G.A. §10-1-370 et. seq.

53. Plaintiff re-alleges and incorporates by reference the foregoing allegations of this Complaint as if fully set forth fully herein.

54. This cause of action arises under the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-372 et seq.

55. By the actions alleged, Defendants have violated and continue to violate the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-372 et seq., by (1) causing likelihood of confusion or misunderstanding as to (a) affiliation, connection, or association with or certification by another, and/or (b) the source, sponsorship, approval, or certification of goods or services of Defendants' product; and, (2) disparaging Plaintiff's COCO CURLS products and commercial activities.

56. Defendants' deceptive trade practices have caused and will continue to cause substantial injury to Plaintiff's customers and potential customers, and by reason of the

foregoing, Plaintiff is entitled to injunctive relief, as provided under O.C.G.A. § 10-1-373(a), against Defendants deceptive trade practices, and under the principles of equity and on terms that this Court considers reasonable. Plaintiff is further entitled to attorney's fees, awarded in this Court's discretion, for Defendants' willful engagement in said deceptive trade practices.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests entry of judgment in its favor and against Defendants on all of the above causes of action as follows:

1. That this Court preliminarily and permanently enjoin Defendants, their officers, agents, servants, employees, attorneys and all persons in active concert or participation with any of them:

   a. From using in any manner the COCO CURLS trademark, or any other designation that is identical or confusingly similar to the COCO CURLS mark, including, but not limited to the Infringing Trademark, as to be likely to cause confusion, deception or mistake on or in connection with the manufacturing, advertising, distributing, offering for sale or selling of any product not Plaintiff's, or not authorized by Plaintiff to be sold in connection with each of COCO CURLS products or is likely to dilute the COCO CURLS Trademarks;

   b. From passing off, inducing or enabling others to sell or pass off, any product as and for products produced by Plaintiff, not Plaintiff's, or not produced under the control and supervision of Plaintiff and approved by Plaintiff for sale under the COCO CURLS Trademarks;

   c. From committing any acts calculated to cause purchasers to believe that the Infringing Products are those sold under the control and supervision of Plaintiff, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiff;

   d. From further diluting and infringing the COCO CURLS Trademarks, and damaging Plaintiff's goodwill;

   e. From otherwise competing unfairly with Plaintiff in any manner; and

f.  From conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to above;

2.  That this Court enters a judgment finding that Defendants have infringed, and willfully infringed, the COCO CURLS Trademarks.

3.  That this Court enters a judgment finding that Defendants have diluted, and willfully diluted, the COCO CURLS Trademarks.

4.  That this Court enters a judgment finding that Defendants' use of the Infringing Trademarks have caused and/or are likely to cause confusion among the general purchasing public as to the source of origin of the Infringing Products.

5.  That this Court enters a judgment finding that Defendants' use of the Infringing Trademarks have caused and/or are likely to cause initial interest and post-sale confusion among the general purchasing public as to the source of origin of the Infringing Products.

6.  That this Court enters a judgment that the use or proposed use of the Pending Spartan Brands federal trademark application (Trademark Application Serial No. 85726319) causes confusion or is likely to cause confusion with COCO CURLS trademark, and infringes the distinctive quality of COCO CURLS Trademark.

7.  That this Court orders the withdrawal and abandonment of the Pending Spartan Brands federal Trademark Application;

8.  That this Court certify the above orders to the Director of the United States Patent and Trademark Office so the Director may make the appropriate entry upon the records of the Patent and Trademark Office pursuant to the Lanham Act, 15 U.S.C. § 1119.

9.  That this Court order Defendants to deliver up for destruction or show proof of destruction of any and all products, advertisements, publications, labels and any other materials

in their possession, custody, or control that depict or reference the trademarks covered by this Court's judgment;

10. That this Court orders Defendants to file with this Court and to serve upon Plaintiff a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with any injunction resulting from this matter within thirty (30) days after service of such injunction.

11. That this Court awards Plaintiff such damages, compensatory and otherwise, as the proof may show.

12. That this Court awards Plaintiff its reasonable attorneys' fees and costs incurred in connection with this action, pursuant to O.C.G.A. § 13-6-11.

13. That this Court grants such other and further relief as this Court may deem just, proper and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby requests a jury trial.

Respectfully submitted,

**KAYIRA LAW, LLC**

By: /s/Eric F. Kayira
Eric F. Kayira, Esq.
***Pending Pro Hac Vice Admission***
200 S. Hanley Road, Suite 208
Clayton, Missouri 63105
Telephone:314-899-9381
Eric.kayira@kayiralaw.com

AND

**BARNES LAW FIRM, LLC**

By: /s/Tequiero M. "TK" Smith
Tequiero M. "TK" Smith, 199325GA
945 East Paces Ferry Road, Ste. 2270
Atlanta, Georgia 30326
Telephone: 404-829-4011
tksmith@tksmithlaw.com

*Attorneys for Plaintiff*